IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EDWARD WEBER, | ) |
| Plaintiff | ) Case No. 1:19-00124 (Erie) |
| v. | ) |
| ERIE COUNTY, et al., | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) |
| | ) OPINION ON DEFENDANTS' |
| | ) MOTION TO DISMISS |
| | ) [ECF NO. 10] |

MEMORANDUM OPINION AND ORDER

Plaintiff Richard Edward Weber commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the County of Erie, Pennsylvania, and various Erie County officials violated his constitutional rights during his criminal prosecution in the Court of Common Pleas of Erie County. ECF No. 1. Defendants have moved to dismiss Weber's Complaint [ECF No. 10] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendants' motion.[1]

I.  Factual Background

According to Weber's Complaint and the exhibits attached thereto, Weber was arrested on May 24, 2018, and charged with three counts of access device fraud, three counts of identity theft, and three counts of theft by deception. ECF No. 1, ¶ 10. Magisterial District Judge Paul Bizzarro subsequently released Weber on a $25,000 unsecured bond. *Id.* On August 22, 2018, and September 18, 2018, Defendant Jeremy Lightner, an Assistant District Attorney for Erie

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. *See* ECF Nos. 13, 16.

1

County, successfully petitioned for Weber's bond to be increased to $50,000, with 10% cash security, which Plaintiff posted. *Id.* at ¶¶ 11-14. On September 26, 2018, Defendant Lightner sought and obtained a further modification of Weber's bond. *Id.* at ¶ 15. This time, Weber's bond was increased to $250,000 "straight cash," which Weber was unable to post. *Id.* at ¶ 16. Consequently, Weber was detained in the Erie County Prison for approximately two and one-half months pending trial on the charges against him.

While detained, Weber moved pro se to modify his bond, and the motion was heard by Judge Daniel Brabender of the Court of Common Pleas of Erie County on November 19, 2016. *Id* at ¶¶ 17-18. Defendant Nicholas Maskrey, another Erie County Assistant District Attorney, opposed Weber's motion. *Id.* at ¶ 18. Despite this opposition, the Court reduced Weber's bond to 10% of $17,500, which Weber posted to secure his pretrial release. *Id.* at ¶¶ 18-19. Weber claims that the "unlawful and unconstitutional 2 ½ month period of incarceration" caused his to suffer a variety of damages, including the loss of his employment, the loss of his residence, and the demise of his marriage. *Id.* at ¶ 19.

As Exhibit D to his Complaint, Weber attached the Commonwealth's Motion to Revoke Bond, which Defendant Michael Burns, another Erie County Assistant District Attorney filed on September 18, 2018. ECF 1-3, pp. 1-9. Included in that document is a Police Criminal Complaint filed on September 13, 2018, charging Weber with three additional counts of access device fraud, two additional counts of theft by deception, and one new count of attempted theft by deception. *Id.* pp. 4-6.

Weber's Complaint asserts that Defendants Burns, Lightner, and Maskrey filed "aggressive, persistent, habitual and harassing motions" to modify his bail amounts, which constituted: (1) "unlawful and unreasonable seizure and unlawful arrest" in violation of the

2

Fourth Amendment, (2) excessive bail in violation of the 8th Amendment, and (3) a civil conspiracy. He additionally asserts a claim against Erie County pursuant to *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658 (1978), and a claim against Defendant Jack Daneri, the Erie County District Attorney, for "failure to properly train and closely monitor the elicit (sic) conduct of their ADAs[.]"

Defendants' motion seeks dismissal of Weber's claims on the following grounds: (1) Burns, Lightner, and Maskrey are protected by absolute prosecutorial immunity; (2) the Complaint fails to state a claim against Defendant Kathy Dahlkemper, the Erie County Executive, because it does not allege facts to support her personal involvement in any actionable conduct; (3) the Complaint fails to allege facts sufficient to support a "failure to train/supervise" claim against District Attorney Jack Daneri; and (4) the Complaint fails to state a *Monell* claim against Erie County because it does not allege facts to support a policy or custom that resulted in constitutional harm to Weber.[2] This matter is fully briefed and ripe for disposition.

---

[2] Defendants assert two additional arguments that require little discussion. First, Defendants argue that Erie County is not a "person" amenable to suit under 42 U.S.C. § 1983. This argument is contrary to clearly established law. Although its liability cannot be based upon *respondeat superior* or vicarious liability, Erie County is a "person" for purposes of § 1983 and can face liability under that statute where its own policies or customs cause constitutional injury. *See Monell*, 436 U.S. 658 at 690 (municipalities and other local governmental entities may also be held liable as "persons" as the term is used in § 1983). The case cited by Defendants, *Regan v. Upper Darby Twp.*, held that "a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), aff'd, 363 F. App'x 917 (3d Cir. 2010). Unlike a prison, which is essentially a collection of buildings, a county is a legally recognized municipal entity and, as such, is considered a person for purposes of § 1983. Second, Defendants argue that this Court should exercise its discretion pursuant to the *Younger* abstention doctrine and decline to exercise jurisdiction over this case since the crux thereof relates to state court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). But federal courts routinely hear § 1983 cases involving allegations of excessive bond. *See, e.g., Swope v. City of Pittsburgh*, 90 F. Supp. 3d 400, 411 (W.D. Pa. 2015); *see also Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013) ("[F]ederal courts are obliged to decide cases within the scope of federal jurisdiction.").

3

II. Standards of Review

    A. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

    B. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed

pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

5

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

III. Analysis

    A. Burns, Lightner, and Maskrey are entitled to absolute prosecutorial immunity.

Defendants argue that the three assistant district attorneys named as defendants in this action, Burns, Lightner, and Maskrey, are shielded from suit by absolute prosecutorial immunity. The doctrine of absolute immunity protects prosecutors from liability related to their official acts. *See Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). "More than a mere defense to liability, prosecutorial immunity embodies the right not to stand trial, and is properly raised in a Rule 12(b)(6) motion to dismiss." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008) (internal quotations and citations omitted). Under this doctrine, a prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler*, 424 U.S. at 410. "Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives rise to the constitutional violation." *Yarris v. Cnty. of Del.*, 465 F.3d 129, 136 (3d Cir. 2006) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993)).

Burns, Lightner, and Maskrey are protected by the doctrine of absolute prosecutorial immunity in this case. Weber's claims relate solely to the actions taken by each during bond modification proceedings, which courts have held constitute acts within the scope of a

prosecutor's duties of initiating and pursuing a criminal prosecution. *See Thomas v. Stanek*, 2015 WL 757574, at *10 (W.D. Pa. Feb. 23, 2015) (finding that the doctrine applies because "[w]henever [the prosecutor] objected to Plaintiff being freed on bond, he was acting as an advocate for the Commonwealth and, thus, his decision is protected by absolute immunity.") *See also Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) ("advocating a particular level of bail" is covered by absolute immunity); *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (same); *Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983) (same); *Burns v. County of King*, 883 F.2d 819, 823–24 (9th Cir. 1989) (same). Accordingly, Burns, Lightner, and Maskrey are immune from liability arising out of actions they took in connection with the modification of Weber's bond.

Weber also alleges that Burns, Lightner, and Maskrey engaged in a civil conspiracy to deprive him of his constitutional rights. Whether Weber asserts his claim against each of these defendants individually or as members of an alleged conspiracy, the claim is based upon their advocacy of bond positions in their roles as assistant district attorneys. As such, their actions are shielded by absolute prosecutorial immunity regardless of the label Weber attaches to his claim.[3] *See Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (the "fact that such a conspiracy is certainly not something that is properly within the role of a prosecutor is immaterial, because '[t]he immunity attaches to his function, not to the manner in which he performed it'") (citations omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, at *9 (E.D.Pa. May 1, 2009)

---

[3] The Court also notes that Exhibit D to Weber's Complaint further undermines his claim because it shows that he was separately charged with new criminal offenses before at least one bond modification request. Weber's Exhibit D reveals a valid prosecutorial purpose for this bond modification; thus, the Court can properly decline to accept Plaintiff's bare allegation of conspiracy to deprive him of constitutional rights as true. *See Sazerac Co., Inc. v. Falk*, 861 F.Supp. 253. (S.D. N.Y. 1994) ("For purposes of motion to dismiss for failure to state claim on which relief can be granted, if allegations of complaint are contradicted by documents made part of complaint, document controls and court need not accept as true allegations of complaint."); *see also Public Lands for the People, Inc. v. U.S. Dept. of Agriculture*, 733 F.Supp.2d 1172. (E.D. Cal. 2010).

("The doctrine of absolute prosecutorial immunity precludes conspiracy-based claims as well.") (collecting cases); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 552 (M.D. Pa. 2007) (prosecutorial immunity "doctrine similarly protects ADA Tonkin from suit by the plaintiff for conspiracy under Section 1985(3)").

Even if the Court were to assume that an assertion of "conspiracy" could remove the alleged conduct of the three ADA defendants from prosecutorial immunity, Weber's claim would still fail. In order to state a claim of civil conspiracy, a plaintiff must present "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556)). Further, the plaintiff "must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Id.* at 179 (quoting *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir.1989)); *see also Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a meeting of the minds). Conclusory allegations are not entitled to the presumption of truth that ordinarily is applied during a court's Rule 12(b)(6) review of a complaint. *McTernan*, 577 F.3d at 531.

In this case, Weber has failed to plead facts from which an inference of a conspiracy may be drawn. The Complaint lacks any factual allegations as to the time, place, or specific object(s) of the alleged conspiracy. Such facts are needed for a claim of conspiracy to survive a motion to dismiss. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[s]uch allegations . . . must be made with appropriate particularity in that [they] must allege the particulars of conduct, time, place, and person responsible."); *see, e.g., Ulrich v. Corbett*, 614 Fed. Appx. 572, 574–75 (3d Cir. 2015) (upholding dismissal of a section 1983 complaint alleging conspiracy because "a

8

conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.") (citing *Twombly*, 550 U.S. at 557). Instead, Weber has asserted only conclusory allegations of collusion, which are not entitled to any presumption of truth. *McTernan*, 577 F.3d at 531. Accordingly, Weber has failed to state a claim of civil conspiracy.

B. The Complaint fails to state a claim against County Executive Dahlkemper.

Weber's Complaint names Erie County Executive Kathy Dahlkemper as a defendant in this action but does not allege any facts to support that she engaged in any actionable conduct or was personally involved in any matters or decisions relating to the criminal prosecution against him. Instead, his claim against Dahlkemper appears to be based solely upon her position as County Executive. Weber's reliance on Dahlkemper's position without allegations of her personal involvement is insufficient as a matter of law. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation). Accordingly, Weber's claim against Dahlkemper is dismissed.

C. The Complaint also fails to state a claim against District Attorney Daneri.

Weber's claim against District Attorney Daneri is subject to dismissal for similar reasons. Weber asserts generally that Daneri failed to properly train and supervise Burns, Lightner, and Maskrey. A failure to train claim requires a plaintiff to identify specific training not provided that could reasonably be expected to prevent the injury that occurred. *Joines v. Twp. of Ridley*, 229 Fed.Appx. 161 (3d Cir.2007). Moreover, when relying on a failure to train employees, a plaintiff must show that the failure amounts to deliberate indifference to the rights of persons with whom the employees will come into contact. *City of Canton v. Harris*, 489 U.S. 378, 388,

9

109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Regarding supervisory liability, two theories have been recognized: where supervisors have "'established and maintained a policy, practice or custom which directly caused [the] constitutional harm,'" and where "they 'participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations'." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). Weber's allegations against Daneri are insufficient to support any of the foregoing theories of liability. Beyond his conclusory assertions of "failure to train and supervise," Weber's Complaint alleges no facts against Daneri, and his conclusory allegations are entitled to no weight in deciding a motion to dismiss. *Santiago*, 629 F.3d at 131 (*Iqbal*, 129 S.Ct. at 1949, directs that the Court disregard "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

Again, Weber bases his claim against Daneri essentially upon his status as District Attorney. This status alone will not support a claim against him. See *Monell*, 436 U.S. at 691 (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Further, to the extent Weber may allege that Daneri engaged in conduct relating to Weber's bond amount or bond conditions, Daneri would enjoy the same prosecutorial immunity as his assistant district attorneys. *Whitfield v. City of Philadelphia*, 587 F. Supp. 2d 657, 667 (E.D. Pa. 2008). Finally, and fundamentally, prosecutorial immunity shields a district attorney from claims based upon alleged failures to train and supervise subordinates where the alleged failures concern prosecutorial functions. *Id.* This is the case here. Accordingly, the claim against Daneri will be dismissed.

10

D.  The Complaint also fails to state a *Monell* claim against the County of Erie.

Weber asserts a *Monell* claim against Erie County based upon District Attorney Daneri's alleged failure to train and supervise the conduct of ADA's Burns, Lightner, and Maskrey. A county cannot be held liable for its employees' alleged misconduct based on *respondeat superior*. *Monell*, 436 U.S. at 694-95; *Panas v. City of Philadelphia*, 871 F.Supp.2d 370, 377-78 (E.D. Pa. May 14, 2012). Rather, the "government itself, through its policies or practices, must be sufficiently culpable before" a court imposes § 1983 liability. *Id*. Such culpability exists only "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). The Supreme Court has recognized that a local government's "culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Moreover, merely alleging the existence of a policy, practice, or custom is not enough. The plaintiff in a § 1983 action must show an "affirmative link" between the occurrence of alleged misconduct and the municipality's policy, custom, or practice. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Thus, consistent with *Monell*, in order to impose liability on a local governmental entity for failing to act to preserve constitutional rights, a § 1983 plaintiff must establish not only that he was deprived of a constitutional right, but that: (1) the municipality had a policy; (2) the policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (3) the policy was the "moving force behind the constitutional violation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989). Weber has not alleged facts to support any of these elements. Accordingly, his claim against the County of Erie must be dismissed.

IV. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

In the present case, the prosecutorial immunity that shields Daneri, Burns, Lightner, and Maskrey renders any amendment against them futile. Weber's claims against these individuals arise squarely from their engagement in their prosecutorial functions. Accordingly, the claims against these defendants are dismissed with prejudice.

It is also highly dubious whether Weber can allege facts to support a claim against County Executive Dahlkemper. In order to prevail on an Eighth Amendment excessive bail claim, Weber must demonstrate that (1) bail was excessive in light of the valid state interests sought to be protected, and (2) the ***defendant actually and proximately caused bail to be excessive***. See *McKnight v. Taylor*, 2012 WL 5880331, at *7 (D.N.J. Nov.20, 2012) (emphasis supplied) (dismissing excessive claim for failure to allege that bail was constitutionally excessive or that defendants caused it to be so); *Moore v. Carteret Police Dep't*, 2013 WL 5554411, at *8 (D.N.J. Sept.20, 2013) (same). The second element of the claim is particularly difficult to sustain in a state such as Pennsylvania where the setting of bond is within the sole province of the judicial authority. See *Lutz v. Lavelle*, 809 F.Supp. 323, 327 (M.D. Pa. 1991). While it is difficult to conceive of facts Weber could allege against Dahlkemper to satisfy the type of personal involvement necessary to state an excessive bail claim against her, the Court cannot say that such a claim is a legal impossibility. Therefore, the claim against Dahlkemper is dismissed

12

without prejudice. Weber is reminded, however, that any amendment he may file against Dahlkemper or any other Defendant is subject to the requirement of Rule 11 of the Federal Rules of Civil Procedure.

Finally, while Daneri and his assistants are protected by prosecutorial immunity, this protection does not extend to the County of Erie and, because the deficiencies of Weber's *Monell* claim against the County involve a lack of factual allegations to support elements of the claim, the Court cannot say as a matter of law that amendment is futile as to this claim. Accordingly, dismissal of the claim against the County is without prejudice.

Weber is reminded that an amended complaint "must be complete in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018).

V.  Order

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 10] is GRANTED. Weber's claims against Defendants Daneri, Burns, Lightner, and Maskrey are dismissed with prejudice. Weber's claims against Defendants Dahlkemper and the County of Erie are dismissed without prejudice. Weber is granted leave to file an amended complaint as to the latter two defendants within twenty (20) days of this Memorandum Opinion and Order.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: November 5, 2019

13