IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD EDWARD WEBER, | ) |
| Plaintiff | ) Case No. 1:19-00124 (Erie) |
| v. | ) |
| ERIE COUNTY, et al., | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) |

## SUPPLEMENTAL OPINION

Plaintiff Richard Edward Weber, an inmate in the Erie County Prison, initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Erie County Prison and various county officials violated his constitutional rights during the prosecution of his criminal case in the Erie County Court of Common Pleas. ECF No. 1. The Court previously granted Defendants' Motion to Dismiss Weber's Complaint [ECF No. 10], but granted Weber leave to file an amended complaint against certain Defendants.

On December 17, 2019, upon its own motion, the Court noted that neither party's briefing pursuant to Rule 12(b)(6) addressed the issue of whether absolute prosecutorial immunity—the primary defense asserted—shielded Defendants Burns, Lightner, and Maskrey from the injunctive and declaratory relief included in Weber's prayer for relief. ECF No. 1, ¶ 29, 30. Accordingly, the Court directed Burns, Lightner, and Maskrey to file a brief pertaining to this issue on or before January 7, 2020. Weber's response, if any, was due on or before January 28, 2020.

Burns, Lightner, and Maskrey filed their Supplemental Brief, raising alternative grounds for dismissal of Weber's request for declaratory and injunctive relief, on December 30, 3019. To date, Weber has not filed a Supplemental Response Brief or moved for an extension of the January 28, 2020 deadline. Therefore, the matter raised by the Court in its December 17, 2019 Order is now ripe for review.

First, regarding declaratory relief, Weber seeks a declaration from this Court that the "acts and omissions [of the Defendants] violated plaintiff's rights under the Constitution and laws of the United States." ECP No. 1, at 1. But a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct, [n]or is declaratory judgment meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84 (3d Cir. 2006); *see also Blakeney v. Marsico*, 340 Fed. Appx. 778 (3d Cir. 2009). Here, because the request for declaratory relief seeks to adjudicate past conduct—i.e., whether the Defendants violated Weber's rights—it must be dismissed.

Second, regarding Weber's request for injunctive relief, Weber asks for an order directing "Defendants Burns, Maskrey, and Lightner to cease and desist from their entrenched unconstitutional misbehaviors."[1] Preliminary injunctive relief is extraordinary in nature and is left to the discretion of the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit must consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably

---

[1] Weber's request for injunctive relief also asks for an order of Court directed to Defendants Erie County and Jack Denari to "create a close observation program that properly trains its employees," *inter alia*. This aspect of Plaintiff's request for injunctive relief is not before the Court on this supplemental matter, because leave has already been granted to Plaintiff to file an amended complaint against these defendants. *See* EFC No. 10. Plaintiff has not yet filed his amended complaint.

2

harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).

The United States Court of Appeals for the Third Circuit has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. A Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir. 1985).

Here, to the extent that Weber has articulated what the "entrenched unconstitutional misbehaviors" of the Defendants are, the Court notes that there is an adequate remedy at law—specifically, money damages pursuant to 42 U.S.C. §1983—for constitutional violations committed by state actors. Further, it is irrelevant that defendants may effectively negate this remedy by raising the affirmative defense of prosecutorial immunity because damages remain an authorized remedy at law under §1983. *See Thompson v. Kramer*, 1994 WL 725953, at *10 (E.D. Pa. Dec. 29, 1994) (dismissing request for equitable relief despite the fact that judge was immune from money damages) (citing *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1392 (9th Cir. 1987); *see also Affeldt v. Carr*, 628 F.Supp. 1097, 1102 (N.D. Ohio 1985) (holding that "all the [judge's] acts ... could have been appealed either directly or by extraordinary writ" and therefore plaintiff had an adequate remedy at law despite judicial immunity); *cf. Brown v. Joseph*, 463 F.2d 1046, 1049 (3d Cir. 1972) ("The vesting of immunity

on the Public Defender does not leave a state criminal defendant without an adequate remedy at law.").[2]

Accordingly, all claims, legal and equitable, against Defendants Burns, Maskrey, and Lightner are hereby DISMISSED with prejudice.

Dated: February 6, 2020

_____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[2] The Court also notes that Weber's request for injunctive relief may be moot as it appears he has been released on reduced bond.